```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TAKIEM EWING,                                 :    ORDER
                    Petitioner,               :
                                              :    21 CV 9750 (VB)
v.                                            :    14 CR 604-1 (VB)
                                              :
UNITED STATES OF AMERICA,                     :
                    Respondent.               :
--------------------------------------------------------------x
```

By Order to Answer dated January 26, 2022, the Court directed the government to file an answer or other pleading to petitioner's Section 2255 motion by February 28, 2022, and gave petitioner until March 31, 2022, to file a response to the government's submission. The government filed its answer on February 14, 2022. Petitioner has not filed a response.

Given that petitioner is proceeding pro se, the Court sua sponte extends petitioner's time to file a response to the government's February 14, 2022, letter to July 15, 2022. To be clear, petitioner has until July 15, 2022, to file a response to the government's February 14 letter. No further extensions will be granted.

The Court will mail a copy of this letter, as well as a copy of the Order to Answer dated January 26, 2022, and the government's February 14, 2022, letter, to petitioner at the following address:

Takiem Ewing, Reg. No. 71372-054
USP Thomson
U.S. Penitentiary
P.O. Box 1002
Thomson, IL  61285

Dated: May 31, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAKIEM EWING,<br><br>                  Movant,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>                  Respondent. | 21-CV-9750 (VB)<br><br>14-CR-0604-01 (VB)<br><br>ORDER TO ANSWER, 28 U.S.C. § 2255 |

VINCENT L. BRICCETTI, United States District Judge:

      The Court, having concluded that (1) the motion brought under 28 U.S.C. § 2255 should not be summarily dismissed as being without merit but (2) that **it may be untimely**, hereby ORDERS that:

      The Clerk of Court shall electronically notify the Criminal Division of the U.S. Attorney's Office for the Southern District of New York that this order has been issued.

      By February 28, 2022, the U.S. Attorney's Office shall file an answer or other pleadings **addressing only the timeliness of the Section 2255 motion.**

      Movant shall have until March 31, 2022 to file a response to the government's submission.

      The Court will review the submissions and either decide the motion on the submitted papers, or if necessary, order the parties to submit supplemental briefing.

All further papers filed or submitted for filing must include both the criminal docket number and the civil docket number, and will be docketed in both cases.

Chambers will mail a copy of this Order to movant at the following address:

Takiem Ewing, Reg. No 71372-054
USP McCreary
U.S. Penitentiary
P.O. Box 3000
Pine Knot, KY  42635

SO ORDERED.

Dated: January 26, 2022
White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

2




**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

February 14, 2022

**By ECF**

The Honorable Vincent Briccetti
United States Courthouse
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re:   **United States v. Takiem Ewing,**
            **21 Civ. 9750 (VB)**
            **14 Cr. 604 (VB)**

Dear Judge Briccetti:

The Government respectfully submits this letter in accordance with the Court's January 26, 2022 order (Dkt. No. 286). Defendant Takiem Ewing filed a motion to vacate his conviction pursuant to 18 U.S.C. § 2255. In accordance with the Court's directive, the Government addresses here only the timeliness of Ewing's § 2255 motion. For the reasons detailed herein, Ewing's § 2255 motion is untimely and should be dismissed.

**I. Procedural Background**

Although the procedural history of Ewing's case pre-sentencing is somewhat complicated, the post-sentencing procedural history is not. On June 13, 2019, Ewing was sentenced to 384 months' imprisonment. The final judgment was filed on June 20, 2019. (Dkt. No. 229.) Ewing did not file an appeal. On November 17, 2021, Ewing sent a letter to the Court requesting the necessary forms and instructions to file a motion pursuant to 18 U.S.C. § 2255.[1] (Dkt. No. 280.)

---

[1] This date is based on the postmark.

Case 7:14-cr-00604-VB Document 288 Filed 02/14/22 Page 2 of 4
Case 7:21-cv-09750-VB Document 10 Filed 05/31/22 Page 5 of 7

Page 2

The Court sent Ewing the requested forms and instructions and, treating Ewing's letter as a § 2255 motion, gave Ewing 60 days to amend his filing, specifically directing Ewing to provide facts regarding his inability to file his motion earlier. (Dkt. No. 281.) Ewing filed his amended motion on January 21, 2022. (Dkt. No. 285, the "Amended Motion".) In the Amended Motion, Ewing explains that he was prevented from filing his § 2255 motion earlier because of: (i) ineffective counsel (Ewing does not elaborate) and (ii) limitations imposed by the Bureau of Prisons with respect to the amount of time that inmates were allowed out of their cells for research and writing purposes during the pandemic. (Am. Mot. at 15.)

## II. Discussion

Ewing's § 2255 motion is untimely and should be dismissed. A § 2255 motion is subject to a one-year period of limitation, which runs from the later of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

18 U.S.C. § 2255(f). Ewing's motion is untimely under any of these provisions.

Beginning with § 2255(f)(1), an "unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires," *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam); in this case, 14 days after the judgment was entered, Fed. R. App. P. 4(b)(1)(A). Ewing's judgment therefore became final on July 5, 2019. Treating Ewing's motion as having been filed on November 17, 2021 (the earliest date possible), it is still well out of time.

Case 7:14-cr-00604-VB Document 288 Filed 02/14/22 Page 3 of 4
Case 7:21-cv-09750-VB Document 10 Filed 05/31/22 Page 6 of 7

Page 3

Section 2255(f)(2) is no more helpful to Ewing. To the extent Ewing means to argue that the BOP's pandemic-related restrictions on access to the law library constitute an unconstitutional or otherwise unlawful impediment created by the government, that argument should be roundly rejected. *First*, "[t]he pandemic is plainly not government-created, and . . . steps taken in the interest of health and safety [are not] government-induced impediments." *Hines v. United States*, No. 17-CR-364-2 (CS), 2021 WL 2456679, at *2 (S.D.N.Y. June 16, 2021); *accord Caraballo v. United States*, No. 10-CR-392-6 (CS), 2021 WL 1062036, at *2 (S.D.N.Y. Mar. 19, 2021); *United States v. Leggio*, No. 17-CR-41, 2021 WL 694806, at *3 (M.D. Pa. Feb. 22, 2021). *Second*, given that "thousands of prisoners . . . were able to file motions for compassionate release and other applications during the pandemic," it cannot be said that the BOP's restrictions prevented prisoners from seeking relief from the courts. *Hines*, 2021 WL 2456679, at *2. *Third*, given that when Ewing's conviction became final he was already aware of the facts underlying his § 2255 motion, he certainly could have filed a motion—even one that would require some later supplementation—within a year. *See Hines*, 2021 WL 2456679, at *2 (inmate could have filed "bare-bones" motion with request for leave to amend at a later time). Indeed, Ewing's original "motion" was no more than a letter requesting the forms for filing a § 2255 motion, devoid of any case law or even factual allegations. (Dkt. No. 280.) There is no reason that Ewing could not have sent that letter earlier.

Turning to § 2255(f)(3), that provision is plainly inapplicable as Ewing does not seek relief based on any newly-announced rule of law. The right to effective assistance of counsel certainly is not novel, having been well-established since the Supreme Court decided *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52 (1985). Nor is the statute governing recusal of federal judges or the case law interpreting that statute new. *See Liteky v. United States*, 510 U.S. 540 (1994) (addressing 28 U.S.C. § 455(a)). In any event, even if

Case 7:14-cr-00604-VB Document 288 Filed 02/14/22 Page 4 of 4
Case 7:21-cv-09750-VB Document 10 Filed 05/31/22 Page 7 of 7

Page 4

§ 2255(f)(3) did apply, it would not aid Ewing given that all of the cases cited in the Amended Motion were decided more than a year before Ewing sent his November 17, 2021 letter, many of them decades earlier. (Am. Mot. at 1-3.)

Finally, Ewing's filing is untimely even under § 2255(f)(4). Ewing claims he is entitled to § 2255 relief because: (i) his counsel was ineffective for failing to raise a void-for-vagueness challenge to Ewing's plea (Ewing does not explain what he means by this) and for failing to advise Ewing that by filing pretrial motions he would be ineligible for acceptance of responsibility points (Am. Mot. at 7, 10) and (ii) his sentencing judge was allegedly biased (Am. Mot. at 8). Even if there were any facts to support these allegations—none of which Ewing provides in his filings—those facts would plainly have been known to Ewing at the time of his plea and certainly at the time of sentencing.[2] Accordingly, even under § 2255(f)(4), Ewing's motion is untimely.

### III. Conclusion

For the forgoing reasons, Ewing's § 2255 motion is untimely and should be dismissed.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: ___/s/_____
Celia V. Cohen
Assistant United States Attorney
(212) 637-2466

cc (by U.S. Mail):   Takiem Ewing, Reg. No. 71372-054
USP McCreary
P.O. Box 3000
Pine Knot, KY 42635

---

[2] Ewing's allegations are unsupported by, and contrary to, the factual record in this case. The Government does not, however, address the merits here in light of the Court's directive to address only timeliness.