```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TAKIEM EWING,                                  :
                Petitioner,                    :    MEMORANDUM OPINION
                                               :    AND ORDER
v.                                             :
                                               :    21 CV 9750 (VB)
UNITED STATES OF AMERICA,                      :    S6 14 CR 604-1 (VB)
                Respondent.                    :
--------------------------------------------------------------x
```

Briccetti, J.:

Petitioner Takiem Ewing, proceeding pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, arguing, among other things, that his attorney provided him with constitutionally ineffective assistance at sentencing.

For the reasons set forth below, the motion is DENIED as untimely and the petition is DISMISSED.

## BACKGROUND

The papers in support of and in opposition to the motion, and the record of the underlying criminal proceedings, reflect the following:

In the early morning hours of August 5, 2014, Ewing and his co-conspirators Kareem Martin and Tommy Smalls hailed a livery cab driven by Maodo Kane and directed him to drive to co-conspirator Tyrone Felder's apartment to pick up Felder. Their plan was to steal the car and use it to commit armed robberies. After picking up Felder, Mr. Kane was told to drive to a secluded area of the Bronx, where Felder ordered Mr. Kane out of the car at gunpoint. When Mr. Kane froze in fear, Smalls pulled him out of the car. Felder then got out of the car, told Smalls to get back in, and proceeded to shoot and kill Mr. Kane. Thereafter, Ewing and his co-conspirators carried out an armed robbery of a minimart in Yonkers, during which Martin struck a female customer across the face with a gun. They then robbed a nearby Dunkin' Donuts store

1

at gunpoint.  One week later, in the early morning hours of August 12, 2014, Ewing and his co-conspirators carjacked a livery cab driven by Aboubacar Bah, intending to use it rob a jewelry store.  After the car stopped on a Bronx street, Felder pointed a gun at Mr. Bah, who tried to drive away, at which point Felder shot and killed him.  While in custody pending trial, Ewing received synthetic cannabinoids known as K2 from his grandmother, which he then smuggled into prison and distributed to other inmates, at least two of whom fell ill and required medical attention.

On November 28, 2018, pursuant to a plea agreement, Ewing pleaded guilty to a three-count felony information charging him with participating in the two carjackings, in violation of 18 U.S.C. § 2119, and providing narcotics to other inmates in prison, in violation of 18 U.S.C. § 1791.  The plea agreement contained a Sentencing Guidelines stipulation, pursuant to which the parties agreed the sentencing range was 360 months (30 years) to life imprisonment, assuming Ewing demonstrated he qualified for a 3-level downward adjustment for acceptance of responsibility.  See U.S. Sentencing Guidelines, § 3E1.1.  The plea agreement also contained a provision by which Ewing waived his right to appeal any sentence within or below the stipulated Guidelines range.

At Ewing's sentencing on June 13, 2019, consistent with the parties' sentencing stipulation, and after finding Ewing was entitled to the 3-level downward adjustment for acceptance of responsibility, the Court calculated Ewing's Guidelines range as 360 months to life imprisonment.  Had the Court not found Ewing eligible for that downward adjustment, his sentencing range would have been life imprisonment.  In a detailed explanation for the sentence it intended to impose, the Court took into account the fact that although Ewing was a full participant in the planning and execution of both carjackings as well as the two armed robberies,

he was less culpable than Felder, who had previously been sentenced to life in prison plus 34 years.  To arrive at a fair and just sentence for Ewing, the Court also took note of the 40-year sentence it had imposed on Martin, but then carefully considered mitigating factors unique to Ewing, including Ewing's sincere remorse.  Ultimately, the Court imposed a prison sentence of 384 months (32 years), which was within but near the low end of the Guidelines range, and which the Court found was sufficient but not greater than necessary to satisfy the sentencing objectives of 18 U.S.C. § 3553(a).

The Court further advised Ewing that if he wished to appeal, he had to file a notice of appeal within fourteen days of the entry of judgment, either through his attorney or by requesting the clerk to do so.

The judgment of conviction was entered on June 20, 2019.  Ewing did not appeal.

More than two years later, on November 22, 2021, the Court received a communication from Ewing, post-marked November 17, 2021, entitled "motion," which reads in full:  "Comes now the defendant Takiem Ewing pro se asks the Court to send the defendant a motion under 28 U.S.C. § 2255 and the instructions."  Ewing's submission was docketed as a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, and, on November 29, 2021, the Court directed Ewing to file a formal motion within sixty days setting forth all his grounds for relief.  Also, since the motion was apparently untimely, the Court directed Ewing to provide any additional facts regarding his inability to file the motion sooner, including any facts showing he had been pursuing his rights diligently and that some extraordinary circumstance prevented him from submitting the motion earlier.

Ewing filed his amended 2255 motion on January 21, 2022, and the Court directed the government to file an answer or other pleading addressing only the motion's timeliness.  The

government filed its response on February 14, 2022, and Ewing filed a reply on August 1, 2022. Because the government had not had an opportunity to respond to the detailed arguments made for the first time in Ewing's reply, the Court directed the government to file a response thereto. The government did so on September 9, 2022.

## DISCUSSION

The government contends Ewing's Section 2255 motion is barred by the one-year statute of limitations in 28 U.S.C. § 2255(f).

The Court agrees.

A motion to vacate, correct or set aside a sentence must be filed within one year of the latest of four benchmark dates: when the judgment of conviction becomes final; when a government-created impediment to making such a motion (which impediment is in violation of the Constitution or federal law) is removed; when the right asserted is initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or when the facts supporting the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1) through (4). Moreover, equitable tolling may excuse an untimely Section 2255 motion, but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)); accord, United States v. Wright, 946 F.3d 677, 684 (2d Cir. 2019).

Here, Ewing's conviction became final on July 5, 2019, when his time to file a notice of appeal expired. This is because Ewing had fourteen days after the entry of judgment on June 20,

2019, to file a notice of appeal, see Fed. R. App. P. 4(b)(1)(A)(i),[1] and an "unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005).  Therefore, to be timely under Section 2255(f)(1), the instant Section 2255 motion would have had to have been filed by July 5, 2020.  Because the motion was not filed until November 17, 2021, more than a year later, it was untimely under the plain terms of Section 2255(f)(1).

Ewing nevertheless contends the judgment of conviction never became final, and thus the one-year statute of limitations never commenced to run, because his attorney did not file a notice of appeal despite being told to do so, and because the Court failed to conduct an "individualized assessment" at sentencing.  Both arguments are without merit.

First, it is true that "[i]n cases in which an attorney fails to file a requested notice of appeal . . ., 'the date on which the facts supporting [the defendant's claim of ineffective assistance] could have been discovered,' . . . may very well be later than the day the judgment became final." United States v. Wright, 945 F.3d at 683 (quoting 28 U.S.C. § 2255(f)(4)).  Thus, the statute of limitations may be reset to run from the date a petitioner discovered, "through the exercise of due diligence," 28 U.S.C. § 2255 (f)(4), the failure of his attorney to file a requested notice of appeal.  In such a case, the Court's "'proper task . . . is to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed.'" United States v. Wright, 945 F.3d at 684 (quoting Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000)).

---

[1]    The fourteenth day after entry of judgment was July 4, 2019, a legal holiday.  Thus, the last day to file a notice of appeal here was July 5, 2019.  See Fed. R. Civ. P. 6(a)(1)(C).

Here, Ewing proffers <u>no</u> facts to show he exercised any diligence to ensure his appeal had been filed—even assuming for the sake of argument that he did request that his attorneys file an appeal.[2] There is no allegation he contacted either his attorneys or the Court, in writing or otherwise, to find out the status of any appeal. Indeed, nearly two and a half years passed between Ewing's sentencing in June 2019 and when he first contacted the Court in November 2021 to request a Section 2255 motion form and instructions. Even then, Ewing made no inquiry about the status of his supposed appeal. The passage of this much time is far greater than when a duly diligent person in Ewing's circumstances would have discovered that no appeal had been filed. In the Court's view, a duly diligent person would have discovered no appeal had been filed within, at most, a few months of the entry of judgment, and certainly no later than the end of 2019. Therefore, because the petition was not filed until November 2021, that was far more than one year after "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

Second, the contention that the judgment never became final because the Court failed to conduct an "individualized assessment" at sentencing is frivolous. For one, Ewing cites no authority, and the Court has found none, for the proposition that if the sentencing court does not conduct an individualized assessment, the judgment of conviction is not final. For another, as set forth above, the Court did in fact conduct an individualized assessment of all the relevant

---

[2] The Court finds particularly dubious the claim that Ewing's attorney, Susanne Brody, Esq., of the Federal Defenders' office, failed to file a notice of appeal, despite being requested to do so, given the Court's personal knowledge, gleaned over several decades, of Ms. Brody's professionalism and dedication to her clients' interests, as well as the fact that Ms. Brody and her co-counsel, Richard M. Jasper, Jr., Esq., competently and diligently represented Ewing in this case over a period of nearly five years prior to and including sentencing. Moreover, in the plea agreement, Ewing waived his right to appeal any sentence within or below the stipulated Guidelines range, 360 months to life imprisonment, and his sentence was within that range.

sentencing factors, including the fact that although Ewing was guilty of horrific crimes, including two carjackings resulting in death and two violent armed robberies, he was less culpable than his co-conspirator Felder, the person who actually shot the two cab drivers to death.  The Court also considered all the other sentencing factors set forth in 18 U.S.C. § 3553(a), including, among other things, Ewing's expression of sincere remorse, before imposing a sentence near the bottom of the Guidelines range.  Indeed, the Court provided a detailed explanation of the reasons for the sentence it imposed, including factors unique to Ewing that were mitigating in nature.

Ewing next argues his motion is timely under 28 U.S.C. § 2255(f)(2) because the restrictions imposed on inmates in Bureau of Prisons ("BOP") custody at the height of the COVID-19 pandemic—between March and October 2020—made it difficult for him to figure out that he could file a "bare bones" motion and request leave to amend thereafter.  Instead, according to Ewing, he waited to contact the Court until he had sufficiently researched and prepared his motion.  But this claim is undermined by the record in this case.  On November 17, 2021, more than a year after the lockdown conditions he describes were lifted, Ewing submitted a one-sentence request for a form and instructions, not a fully prepared motion.  And, in any event, even assuming for the sake of argument that the health and safety measures put into place by the BOP during the pandemic made it more difficult for Ewing to complete and file his motion, those restrictions do not satisfy the strictures of Section 2252(f)(2), which require that the government create an "impediment" that "prevented" Ewing from filing his motion on time.  Plainly, the pandemic was not created by the government, and the BOP's health and safety measures were not impediments that prevented Ewing from filing his motion.  See Hines v. United States, 2021 WL 2456679, at *2 (S.D.N.Y. June 16, 2021).

Finally, Ewing contends his attorney was ineffective for failing to raise a void-for-vagueness challenge to his guilty plea, and for failing to advise Ewing that by filing pretrial motions he would be ineligible for a downward adjustment under the Sentencing Guidelines for acceptance of responsibility, and therefore that such claims are timely under 28 U.S.C. § 2255(f)(4) because his attorney's failures hindered his ability to discover the facts supporting these claims. He also argues the Court was biased at sentencing, although he has long been aware of any facts that might theoretically support that claim.

All of these contentions are plainly without merit. As noted above, under Section 2255(f)(4), the one-year statute of limitations arguably runs from the date a duly diligent person in Ewing's circumstances would have discovered the facts supporting his claim of ineffectiveness. See Garcia v. United States, 268 F. App'x 20, 21-22 (2d Cir. 2008); accord, Wims v. United States, 225 F.3d at 190. But Ewing has not alleged any facts regarding how he learned of his attorney's alleged ineffectiveness, and therefore he has failed to demonstrate what diligence, if any, he exhibited with respect to these claims. Since it is Ewing's burden to demonstrate due diligence, see Tsastsin v. United States, 2019 WL 4266186, at *11 (S.D.N.Y. Sept. 10, 2019), his failure to explain how he learned of his attorney's ineffectiveness is enough to dismiss his motion as untimely. See Ellis v. United States, 806 F. Supp. 2d 538, 545 (E.D.N.Y. 2011). In any event, Ewing does not claim to have learned any new "facts" at all. Rather, he claims he only recently learned of new legal arguments his attorney could have raised on his behalf. But discovery of case law is not discovery of a new fact for purposes of Section 2255(f)(4). See Otrosinka v. United States, 2016 WL 3688599, at *2 (W.D.N.Y. July 12, 2016); Apotosky v. United States, 2016 WL 1584383, at *4 (W.D.N.Y. Mar. 8, 2016).

Moreover, Ewing's claim that he did not receive a downward adjustment for acceptance of responsibility because he filed pretrial motions is simply not true.  At sentencing, the Court explicitly found that Ewing was entitled to such a reduction, and his Guidelines range was calculated based, in part, on that downward adjustment.  In addition, neither of the two statutes under which Ewing was convicted—18 U.S.C. § 2119 (carjacking resulting in death) and 18 U.S.C. §1791 (providing contraband to other inmates in prison)—has been found to be unconstitutionally vague.  See, e.g., United States v. Edwards, 231 F.3d 933, 935 (5th Cir. 2000) (rejecting vagueness challenge to Section 2119); United States v. Raya, 2019 WL 4022421 (W.D. Va. Aug. 26, 2019) (rejecting vagueness challenge to Section 1791).  And there is absolutely no basis for the claim that this Court exhibited bias at sentencing.  Ewing was present when the Court explained, at length and in detail, the reasons for the sentence imposed—including, among other mitigating factors, the sincere remorse expressed by Ewing—and how it related to the substantially longer sentences previously imposed on two of his co-defendants, Felder and Martin.

Lastly, there is no basis for finding that equitable tolling—which "applies only in rare and exceptional circumstances," Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000)—excuses Ewing's untimely Section 2255 motion, because, for the reasons set forth above, Ewing has not shown he has pursued his rights diligently, or that some extraordinary circumstance actually prevented timely filing.  See Rivas v. Fischer, 687 F.3d at 538.  Indeed, BOP's restrictions certainly did not prevent prisoners from seeking relief in the courts, as "thousands of prisoners . . . were able to file motions for compassionate relief and other applications during the pandemic." Hines v. United States, 2021 WL 2456679, at *2.

9

## CONCLUSION

Petitioner Takiem Ewing's motion under 28 U.S.C. § 2255 is DENIED and the petition is DISMISSED.

As petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to close case no. 21 CV 9750.

The Clerk is further instructed to mail a copy of this memorandum opinion and order to petitioner at the address on the docket in case no. 21 CV 9750.

Dated: December 5, 2022
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge